UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBIN A. CUNNINGHAM,

    Plaintiff,

v.                                                                                Case No. 8:20-cv-2816-KKM-TGW

SOUTHWEST AIRLINES,

    Defendant.
_____

**ORDER**

This matter is before the Court on Defendant Southwest Airlines's Motion to Dismiss. (Doc. 13). Because Plaintiff Robin Cunningham failed to file her complaint within the required ninety-day filing period upon receipt of the right-to-sue notice, her Title VII claims are time-barred, and the Court **GRANTS** Defendant's motion.

    **I.**     **Background**

On November 30, 2020, Cunningham filed a complaint against Southwest Airlines for violations of Title VII of the Civil Rights Act of 1964, alleging claims of racial discrimination, retaliation, and a hostile work environment. (Doc. 1 at 5–8). On February 3, 2021, Southwest Airlines filed a motion to dismiss, arguing that the Middle District of Florida is an improper venue and that the action should be transferred; that Cunningham's complaint is time-barred because she failed to file the Title VII claims within ninety days of her receipt of the EEOC's right-to-sue letter; that Counts I and

III are subject to dismissal because Cunningham did not exhaust her administrative remedies; that Cunningham's complaint should be dismissed as a shotgun pleading; and that Counts I, II, and III fail to state a claim. (Doc. 13 at 5, 8, 10, 12, 14, 17, 19). Although the Court granted Cunningham an extension of time to respond to the motion to dismiss, (Doc. 19), she failed to file a response in opposition. As such, the Court will treat Southwest Airlines's motion to dismiss as unopposed. *See* Local Rule 3.01(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").[1]

## II.  Legal Standard and Analysis

To succeed on a claim under Title VII, a plaintiff must first exhaust certain administrative remedies. *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). Of importance here, a plaintiff must initiate a civil action within ninety days of receipt of the EEOC right-to-sue notice. 42 U.S.C. § 2000e–5(f)(1); *see Green v. Union Foundry Co.*, 281 F.3d 1229, 1233 (11th Cir. 2002). "[G]enerally . . . statutory notification is complete only upon actual receipt of the right to sue letter." *Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005) (quotation omitted). But when "the date of receipt is in dispute, [the Eleventh Circuit] has applied a presumption of three days for receipt by mail." *Id.* at 953 n.9; *see Robbins v. Vonage Bus.*, 819 F. App'x 863, 867 (11th Cir. 2020)

---

[1] In addition to failing to respond to Southwest Airlines's motion to dismiss, Cunningham's counsel, who is designated Lead Counsel, has failed to file a Notice of Mediator Selection and Scheduling of Mediation, even though the deadline set by the Court's Case Management and Scheduling Order has passed. (Doc. 21 at 1–2); *see also* Fed. R. Civ. P. 16(f)(1)(C).

("When the date of receipt is in dispute, we ordinarily presume that a mailing is received three days after its issuance."). Plaintiff carries the burden of establishing compliance with the ninety-day requirement, particularly once the defendant contests the issue. *Green*, 281 F.3d at 1233–34.

Here, Cunningham alleges that the EEOC issued its right-to-sue notice on August 25, 2020, and that she filed the complaint within ninety days of her receipt of the notice. (Doc. 1 at 2). This action was filed on November 30, 2020—*ninety-seven* days after the issuance of the notice. (*Id.*). Southwest Airlines argues that the complaint "must be dismissed with prejudice because it is time-barred." (Doc. 13 at 8). Because Cunningham fails to carry her burden of establishing that she timely filed the complaint, the Court agrees with Southwest Airlines. *See Williams v. Ga. Dep't of Def. Nat. Guard Headquarters*, 147 F. App'x 134, 136 (11th Cir. 2005) (affirming the district court's dismissal of a case where the plaintiff "did not file [the] complaint within 90 days of receiving the EEOC's letter"); *Sims v. Trus Joist MacMillan*, 22 F.3d 1059, 1061 (11th Cir. 1994) (explaining that the "procedural requirements of Title VII are to be viewed as conditions precedent" to filing suit).

As an initial matter, Cunningham failed to show the date on which she received the EEOC's right-to-sue notice. Although Cunningham alleges in her complaint that she "has complied with all statutory and administrative prerequisites to filing suit" and that the "Complaint [was] filed within ninety (90) days of the Plaintiff's receipt of the Notice of Right to Sue," (Doc. 1 at 2), those conclusory allegations do not satisfy her

3

burden to establish that she met the ninety-day requirement, particularly now that Southwest Airlines contests the issue. *See Green*, 281 F.3d at 1234 ("Once the defendant contests this issue, the plaintiff has the burden of establishing that [s]he met the ninety day filing requirement."). Not only does Cunningham fail to allege a timeline in the complaint that comports with the ninety-day deadline (even with the benefit of the three-day grace period for receipt by mail), Cunningham failed to respond to Southwest Airlines's motion to dismiss, which the Court now treats as unopposed. *See Green*, 281 F.3d at 1233–34 (affirming the district court's dismissal of the plaintiff's Title VII claims where he was unable to "satisfy his burden of establishing that he filed suit within the ninety day filing period" or "otherwise rebut the fact that ninety-seven days elapsed form the date of mailing to the date of filing").

In sum, without specific evidence proffered by Cunningham that receipt of the notice was delayed through no fault of her own, *Kerr*, 427 F.3d at 952, her complaint was—at best—four days late. Ninety days from August 25, 2020, is November 23, 2020, which leaves a seven-day gap that is reduced by the presumption of three days for receipt by mail. *See id.* at 953 n.9; *Robbins*, 819 F. App'x at 867; *see also Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1342 (11th Cir. 1999). Thus, even with the benefit of those three additional days, Cunningham's initiation of this action is still untimely. *See Zillyette*, 179 F.3d at 1342 (concluding that the three-day period was of no help to the plaintiff, "who filed suit 98 days after receipt of the first Postal Service notice").

4

### III.   Conclusion

Because Cunningham failed to initiate her civil action within ninety days of receipt of the EEOC's right-to-sue notice, her Title VII claims are time-barred. *See Green*, 281 F.3d at 1233–34. Accordingly, it is **ORDERED**:

(1) The Court **GRANTS** Southwest Airlines's Motion to Dismiss. (Doc. 13).

(2) All of Cunningham's claims are **DISMISSED**.

(3) The Clerk is directed to terminate any pending deadlines or motions and to close this case.

**ORDERED** in Tampa, Florida, on March 26, 2021.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge